# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 13 |
| DENNIS L. TUCKER | |
| MINNIE L. TUCKER | |
| | Case No. 11-32756 |
| Debtor(s). | |

## OPINION

This case is before the Court on the Chapter 13 Trustee's Objection to the Claim of the Internal Revenue Service (IRS). The basis of the Trustee's objection is that the IRS failed to attach sufficient evidence of its perfected security interest as required by Federal Rule of Bankruptcy Procedure 3001(d).

## FACTS

The relevant facts are not in dispute. On February 10, 2012, the IRS filed a proof of claim in the total amount of $26,636.59 (Claim #10-1). Included in this amount is a secured claim of $4,222.00 for unpaid 2001 and 2002 federal income tax.[1] The proof of claim form indicates that the IRS's claim is secured by "[a]ll of debtors' right, title and interest to property" pursuant to 26 U.S.C. § 6321. Attached to the proof of claim is a facsimile copy of the Notice of Federal Tax Lien that was filed with the Madison County Recorder of Deeds. The notice specifically sets forth the date and time that the lien was recorded, the recording number, the name of the County Recorder's Office in which the lien was filed, the type of tax liability secured, the period of tax liability, the dates that the taxes were assessed, and the amount of unpaid liability at the time that the lien was filed. The IRS did not, however, provide a copy of the actual recorded lien.

---

[1] The IRS is also claiming a $5,023.98 unsecured priority claim and a general unsecured claim of $17,390.61.

## **ANALYSIS**

The Trustee argues that the documentation accompanying the IRS claim is insufficient to establish that it has a valid, perfected lien and requests that the secured portion of the claim be reclassified as a general unsecured claim. In support of his position, the Trustee relies on Federal Rule of Bankruptcy Procedure 3001(d). Rule 3001(d) states: "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). Unfortunately for the Trustee, a careful reading of Rule 3001(d) reveals that its requirements are inapplicable to the IRS in this case.

Rule 3001(d) applies to creditors who are claiming a "security interest" in the debtor's property. A "security interest" is one of three types of liens defined by the Bankruptcy Code.[2] *In re Surber*, 211 B.R. 17, 19 (Bankr. N.D. Ohio 1997); 2 COLLIER ON BANKRUPTCY ¶ 101.51 (16th ed. revised 2009). Pursuant to 11 U.S.C. § 101(51), a "security interest" is a "lien created by an *agreement*." 11 U.S.C. § 101(51) (emphasis added). There is no agreement between the debtors and the IRS here. Instead, the IRS is asserting a non-consensual, statutory lien under § 6321 of the Internal Revenue Code.[3] A statutory lien is defined by the Bankruptcy Code as

> [a] lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, *but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is*

---

[2]The others are statutory liens and judgment liens. *See* 11 U.S.C. § 101(53); 11 U.S.C. § 101(36).

[3]Section 6321 of the Internal Revenue Code states:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal belonging to such person.

26 U.S.C. § 6321.

> *dependent on a statute and whether or not such interest or lien is made fully effective by statute.*

11 U.S.C. § 101(53) (emphasis added). Hence, while the IRS may be a secured creditor,[4] it does not hold a "security interest" and, therefore, is not subject to the requirements of Rule 3001(d).[5]

Other courts that have addressed this issue have reached the same conclusion. In *In re Catron*, 198 B.R. 905 (Bankr. M.D.N.C. 1996), the debtor objected to the claim of the IRS on the grounds that the taxing authority had failed to append supporting documentation to its proof of claim in violation of Federal Rule of Bankruptcy Procedure 3001(a), (c) and (d). In overruling the debtor's objection, the *Catron* court explained that

> the . . . rules make it clear that supporting documents are required to be attached to a proof of claim when the claim is based upon a writing or when the claimant claims a security interest in property of the debtor. However, the claim of the IRS in this case is not based on a writing but on federal tax statutes. Neither does the IRS in this case claim a security interest in property of the Debtor as there is no indication that any lien claimed by the IRS was created by an agreement between the parties. In light of these requirements, the nature of the IRS's claim, and the fact that the IRS attached to its proof of clam an itemization of the amounts and types of taxes due for certain specified tax periods, and evidence of recordation of the tax lien, the court finds that the IRS's proof of claim complies with Fed. R. Bankr. P. 3001(a), (c), and (d).

*Id* at 907.

Likewise, in *In re White,* 168 B.R. 825 (Bankr. D. Conn. 1994), the Court rejected the debtor's contention that the IRS's claim was defective due to the creditor's failure to submit supporting documentation. In reaching its conclusion, the *White* court reasoned:

> [I]tem 7 of the Official Form requires the claimant to '[a]ttach copies of supporting

---

[4] A "secured creditor" is "a creditor who holds some special pecuniary assurance of payment of his debt, such as a mortgage, collateral or lien." BLACK'S LAW DICTIONARY, p.1354 (6th ed. 1990).

[5] While this Rule may not be applicable to the IRS, the Court notes that the information that the IRS provides with its proofs of claim is quite helpful to both the Trustee and the Court and should continue to be submitted.

>documents, such as promissory notes, . . . contracts, court judgments, or evidence of security interests.' Item 4 also requires attachment of evidence of perfection of a security interest. Those requirements derive from Rule 3001(c) and (d), which require that, if a claim is 'based on a writing,' the original or a duplicate of that writing shall be filed with the proof of claim, and that the 'proof of claim shall be accompanied by evidence that the security interest has been perfected.' As noted, the Service did not attach a copy of its notice of tax lien or any other document to its Proof. The Service was not required to do so, however, because its claim and lien are based not on a writing, but on federal statutes. It is not necessary for the Service to attach a copy of the relevant sections of the Internal Revenue Code to its proof of claim. Further, while part of the Service's claim is alleged to be secured, that security is a 'statutory lien.' i.e., a lien arising solely by force of a statute, not a 'security interest.' i.e. a lien created by an agreement. The Proof is therefore not defective.

*Id*.at 834 (citations omitted).[6]

Based on the express language of Rule 3001(d), the Court has no alternative but to overrule the Trustee's objection. In so doing, the Court makes no determination as to whether the *type* of documentation submitted by the IRS is sufficient to satisfy the evidentiary requirement of Rule 3001(d). At the hearing on this matter, the Trustee expressed concern that permitting all secured creditors to provide a summary of their lien information like the IRS would impose an undue burden on his office. Since the Court has found that Rule 3001(d) is inapplicable to the IRS in this case, addressing the evidentiary issue would be tantamount to issuing an advisory opinion.

Accordingly, for the reasons set forth above, the Trustee's Objection to Claim of the IRS is OVERRULED.

ENTERED: May 25, 2012

                                          /s/ Laura K Grandy
                                    UNITED STATES BANKRUPTCY JUDGE

---

[6]Both the *Catron* and *White* opinions included a discussion of what is now Federal Rule of Bankruptcy 3001(c)(1). Rule 3001(c)(1) requires that if a claim is based on a "writing," the claimant must include either the original or a duplicate of that writing with its proof of claim. The IRS's claim is based on a statute and, thus, Rule 3001(c)(1) does not apply.